UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ANTHONY H. DAY,

    **Plaintiff,**

    **v.**      CAUSE NO. 2:21-CV-120-JTM-JEM

T. JOLLY, et al.,

    **Defendants.**

## OPINION AND ORDER

Anthony H. Day, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Day alleges that, around 9:30 a.m. on October 8, 2019, he was walking up Burr Street in Gary, Indiana. He relieved himself near a tree line. As he was walking out from the tree line, Officer Jolly aimed his gun at Day and ordered him to get on the ground. Officer Jolly indicated that Day was being arrested for bank robbery.

Detective Sgt. Darnell and Sgt. May were present. Officer Jolly's police report stated that he located Day in the brush next to 540 Burr St. Although Officer Zembala was not present, he later wrote a police report, and Day takes issue with the accuracy of the report. Officer Zembala rephrased Officer Jolly's wording, stating that Day was walking out the South side of the tree line. Additionally, Agent Chonowski signed a probable cause affidavit that Day also indicates includes false information: it states that officers observed a black male hiding in the tree line of the wooded area immediately North of 540 Burr St. The Hammond Times relied upon this allegedly misleading information for a story published the next day. Day is facing criminal charges in the Northern District of Indiana. *See United States v. Day*, 2:19-CR-126-JD-JPK (filed Oct. 9, 2019).

Day asserts that there was not probable cause to arrest him. To prevail on a false arrest claim brought pursuant to the Fourth Amendment, the plaintiff must show a lack of probable cause. *McBride v. Grice*, 576 F.3d 703, 706-07 (7th Cir. 2009); *Simmons v. Pryor*, 26 F.3d 650, 654 (7th Cir. 1993). "Probable cause is an absolute defense to any claim under § 1983 for wrongful arrest[.]" *Bailey v. City of Chicago*, 779 F.3d 689, 694 (7th Cir. 2015); *see also Norris v. Serrato*, 761 Fed. Appx. 612, 615 (7th Cir. 2019) (the existence of probable cause precludes § 1983 claims "for an allegedly unreasonable seizure, whether a false arrest or a wrongful pretrial detention"). "Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006); *see also Young*, 987 F.3d at 644 (probable

cause is a "common-sense inquiry requiring only a probability of criminal activity; it exists whenever an officer or a court has enough information to warrant a prudent person to believe criminal conduct has occurred") (quoting *Whitlock v. Brown*, 596 F. 3d 406, 411 (7th Cir. 2010)). "[Probable cause] requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Muhammad v. Pearson*, 900 F.3d 898, 902 (7th Cir. 2018).

Agent Chonowski's probable cause affidavit indicates that two black males robbed a bank in Gary, Indiana, on September 5, 2019.[1] The tellers saw the men leave in a silver Kia minivan. On September 23, 2019, a bank in Hammond, Indiana, was robbed by two black males. One of the men had a black 9 mm handgun. The other displayed a silver revolver. The men fled on BMX bikes. On October 8, 2019, around 9:12 a.m., another bank in Hammond, Indiana, was robbed by two black males. They were observed leaving in a black Kia minivan. A GPS tracking device was placed in the bag with the money. Law enforcement followed the GPS tracker pings until it became stationary near the 500 block of Burr Street in Gary, Indiana. A black Kia minivan was in the alley West of 540 Burr street. When Day stepped away from the trees, he was in the same yard as the Kia. According to Day's complaint, he was arrested around 9:30 a.m., shortly after the robbery occurred.

---

[1] Day did not include a copy of the probable cause affidavit with his complaint. However, the court takes judicial notice of the affidavit because it is a part of the public record in *United States v. Day*, 2:19-CR-126-JD-JPK (filed Oct. 9, 2019). The court is permitted to take judicial notice of public records in determining whether the complaint states a claim. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018). The probable cause affidavit is extremely detailed. Here, the court focuses only on the facts that necessary to determine whether there was probable cause to stop Day on the morning of October 8, 2019.

Whether there was probable cause to arrest Day does not hinge on the differences in phrasing between the reports of Officer Jolly, Officer Zembala, and Agent Chonowski. In other words, whether Officer Jolly located Day in the brush next to 540 Burr Street, walking out the South side of the tree line, or hiding in the tree line of the wooded area immediately North of 540 Burr Street does not alter the outcome of the probable cause analysis. Police were following the signals of a GPS tracker placed with money during a bank robbery that occurred at approximately 9:12 a.m. When the GPS tracker became stationary, police located both a black Kia minivan matching the description of the vehicle used by the suspects and Day in the immediate vicinity. This is enough to permit a reasonable person to believe that there was a substantial chance that a crime had been committed. At that point, police had probable cause to arrest Day.[2] Therefore, Day cannot proceed on claims that he was falsely arrested by Officer T. Jolly, Detective Sgt. M. Darnell, Sgt. M. May, Officer M. Zembala, or Agent A. Chonowski.

Day also alleges that the Hammond Times defamed and slandered him. Slander is a type of defamation. Under Indiana law, for a claim of defamation, "a plaintiff must prove four elements: (1) a communication with defamatory imputation, (2) malice, (3) publication, and (4) damages." *Hamilton v. Prewett*, 860 N.E.2d 1234, 1243 (Ind. Ct. App. 2007). Here, the facts do not suggest that the Hammond Times or any of its employees

---

[2] Further investigation revealed a gun, part of the GPS tracking device, various items the suspects were wearing during the robbery, and a bag with currency in the vicinity. Further investigation also revealed that the black Kia minivan had been painted, and that it was originally silver, like the vehicle used in the September 5, 2019, robbery.

acted with malice. Therefore, Day will not be permitted to proceed against the

Hammond Times.

For these reasons, the case is **DISMISSED** pursuant to 28 U.S.C. § 1915A because it does not state a claim.

**SO ORDERED.**

Date: June 30, 2021

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT